UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

——————

DIANE M. KORONA,

          Plaintiff,

vs.

LINKAGE DESIGN, LLC., a
Michigan limited liability company,
and MECHDYNE CORPORATION,
a foreign corporation, *severally and
individually*,

          Defendants.

Case No.
Hon.

_____/

Brian J. Farrar (P79404)
Attorney for Plaintiff
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
bfarrar@sterlingattorneys.com

_____/

## COMPLAINT AND JURY DEMAND

Plaintiff Diane M. Korona, by her attorneys Sterling Attorneys at Law, P.C., for her Complaint and Jury Demand submits the following:

### JURISDICTIONAL ALLEGATIONS

1.     This is an action for age and sex discrimination in violation of the federal Age Discrimination in Employment Act, 29 USC 623(a) *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC 2000e

*et seq.*, and the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.* ("Elliott-Larsen"), arising out defendants' termination of plaintiff.

2.      Plaintiff is an individual residing in Petoskey, Michigan.

3.      Defendant Linkage Design, LLC ("Linkage") is a Michigan limited liability company, headquartered in Royal Oak, Michigan, within the Eastern District of Michigan.

4.      Defendant Mechdyne Corporation ("Mechdyne") is a foreign corporation, headquartered in Marshalltown, Iowa, and is the parent company of defendant Linkage.

5.      Defendants are employers as defined by the ADEA, Title VII, and Elliott-Larsen.

6.      This Court has federal question jurisdiction under 28 USC 1331 because this action arises under the laws of the United States.

7.      This Court has supplemental jurisdiction over plaintiff's state law claims under 28 USC 1367(a).

8.      Venue is proper in this district under 28 USC 1391(a)(2), (b)(1), and (b)(2) because a substantial part of the events giving rise to this claim occurred in this judicial district and one of the defendants resides in this judicial district.

9.      More than 180 days have elapsed since plaintiff filed her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, on or about March 24, 2025.

## GENERAL ALLEGATIONS

10. Plaintiff was born in 1960 and is currently 64 years old.

11. Defendant Linkage provides design software solutions to customers in the automotive, consumer, and healthcare industries.

12. In 2022, defendant Mechdyne purchased defendant Linkage and defendant Linkage continues to operate as a subsidiary of defendant Mechdyne.

13. Defendant Linkage hired plaintiff on or about February 16, 2016, and gave her the title bookkeeper and payroll specialist.

14. In that role, plaintiff was primarily responsible for managing accounts receivable, accounts payable, payroll, timekeeping, PTO requests, expense reimbursements, and other administrative duties such as overseeing the company's 401(k) program.

15. In February 2021, defendant Linkage promoted plaintiff to Account Manager, which is the position she held up until her termination.

16. As an Account Manager, plaintiff was responsible for developing new and existing customers and assisting those customers with the purchase and use of defendants' digital software tools and design resources.

17. Plaintiff received commission for all software sales she was involved in.

18. Plaintiff reported directly to Michael Check ("Check"), defendant Linkage's Chief Executive Officer.

19. At all times, plaintiff was a loyal and dedicated employee who received excellent performance reviews and was told by Check and others that she was an integral part of the business.

20. In early January 2024, plaintiff began to notice a change in the culture of the company in which Check gave preferential treatment to younger and male salespeople.

21. Around this time, Check instructed plaintiff to begin training a junior, male sales representative who was over 30 years younger than her.

22. Check told plaintiff that this younger sales representative would be taking over plaintiff's accounts and job duties.

23. When plaintiff asked Check why this much younger and male sales representative was taking over her accounts and duties, Check responded that the parent company, defendant Mechdyne, was concerned that plaintiff would be retiring soon.

24. Plaintiff replied that she had no intention of retiring.

25. Nonetheless, Check continued insisting that plaintiff train the younger sales representative and give him her accounts.

26. Plaintiff was defendant Linkage's oldest Account Manager and the only woman in that position.

4

27.   After being forced to train her replacement and turn over her accounts, plaintiff continued working to grow new customers and generated more sales revenue and customers than the younger and male salespeople.

28.   Despite her continued success, Check asked plaintiff several months later to reduce her hours to just 20 per week.

29.   Check never asked the younger and male salespeople to reduce their hours.

30.   Plaintiff had better performance and more experience than the younger, male sales representatives.

31.   On several occasions, plaintiff asked Check why he was treating her differently than the younger, male employees.

32.   On October 17, 2024, defendants fired plaintiff.

33.   Shortly after defendants fired plaintiff, one of the male sales representatives who was over 30 years younger than plaintiff took over all of plaintiff's job duties and accounts.

## COUNT I

## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

34.   Plaintiff incorporates the preceding paragraphs by reference.

35. Plaintiff was qualified for her position.

36. Defendants discriminated against plaintiff with respect to her terms, conditions, and privileges of employment due to their predisposition or intent to discriminate based on plaintiff's age.

37. Age was one of the reasons that made a difference in defendants' decision to terminate plaintiff.

38. Defendants replaced plaintiff with younger employees.

39. Defendants treated younger employees more favorably than plaintiff.

40. Defendants' alleged reason for terminating plaintiff was a pretext for age discrimination.

41. Defendants willfully violated plaintiff's rights under the ADEA.

42. Defendants' discrimination denied plaintiff the opportunity for continued employment and adversely affected her compensation, terms, conditions, and privileges of her employment.

43. Defendants retaliated against plaintiff when she questioned why younger employees were being treated better than she was.

44. As a direct and proximate result of defendants' conduct, plaintiff has suffered injuries and is entitled to:

    A. compensation for her loss of wages;

    B. compensation for loss of the value of fringe benefits:

C.      compensation based on her earning potential;

D.      liquidated damages;

E.      damages for embarrassment, humiliation, betrayal, pain and suffering, and mental anguish;

F.      other incidental and consequential damages, including attorney fees.

## COUNT II

## SEX DISCRIMINATION
## IN VIOLATION OF TITLE VII

45.     Plaintiff incorporates the preceding paragraphs by reference.

46.     Title VII makes it unlawful for an employer to discriminate against employees on the basis of sex.

47.     Title VII also makes it unlawful for an employer to retaliate against employees who complain of inequal treatment on the basis of sex.

48.     Defendants' treatment of plaintiff was based, at least in part, on unlawful consideration of her sex.

49.     Defendants were predisposed to discriminate on the basis of sex and acted in accordance with that predisposition.

50.     Plaintiff engaged in activity protected by Title VII when she questioned why she was being treated differently due to her sex.

51.     Defendants' treatment of plaintiff is in violation of the anti-retaliation provisions of Title VII.

52. The actions of defendants by their agents were deliberate and intentional, and engaged in with malice, or with reckless indifference to the rights and sensibilities of plaintiff.

53. As a direct and proximate result of defendants' wrongful and discriminatory treatment of plaintiff, plaintiff has suffered injuries and damages, including but not limited to, loss of past, present and future earnings and earning capacity; loss of the value of fringe and pension benefits; mental and emotional distress, including anxiety and mental anguish, humiliation and embarrassment; and the loss of the ordinary pleasures of everyday life.

## COUNT III

### AGE/SEX DISCRIMINATION IN VIOLATION
### OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT

54. Plaintiff incorporates the preceding paragraphs by reference.

55. Plaintiff was qualified for her position.

56. Defendants discriminated against plaintiff with respect to the terms, conditions, and privileges of employment due to their predisposition or intent to discriminate based on plaintiff's age and/or sex.

57. Plaintiff's age and/or sex was a factor in defendants' decision to fire her.

58. Defendants replaced plaintiff with a younger male employee.

8

59. Defendants treated younger and male employees more favorably than plaintiff.

60. Defendants' alleged reason for terminating plaintiff was a pretext for age and/or sex discrimination.

61. Defendants' discrimination denied plaintiff the opportunity for continued employment and adversely affected her compensation, terms, conditions, and privileges of employment in violation of the Elliott-Larsen Civil Rights Act.

62. Defendants retaliated against plaintiff for complaining of disparate treatment.

63. As a direct and proximate result of defendants' conduct, plaintiff has suffered injuries and is entitled to:

    A.    compensation for her loss of wages;

    B.    compensation for loss of the value of fringe benefits:

    C.    compensation based on her earning potential;

    D.    liquidated damages;

    E.    damages for embarrassment, humiliation, betrayal, pain and suffering, and mental anguish;

    F.    other incidental and consequential damages, including attorney fees.

WHEREFORE, plaintiff respectfully requests that this Honorable Court enter judgment against defendants, in whatever amount plaintiff is found to be

entitled, together with reinstatement, punitive damages, interest as an element of damages, statutory interest, and attorney fees and costs.

## JURY DEMAND

Plaintiff Diane M. Korona, by her attorneys Sterling Attorneys at Law, P.C., demands a trial by jury.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By:   /s/Brian J. Farrar
     Brian J. Farrar (P79404)
     Attorney for Plaintiff
     33 Bloomfield Hills Pkwy., Ste. 250
     Bloomfield Hills, MI 48304
     (248) 644-1500

Dated:  October 6, 2025

10